**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2335
_____

TED AARON MCCRACKEN; MCCRACKEN
FUEL COMPANY INCORPORATED

v.

WELLS FARGO BANK NA, sued in its official and
individual capacities; WACHOVIA BANK, sued in its
individual and official capacities; JOHN DOE I,
President, Wachovia Bank NA, sued in his individual
and official capacities; JOHN ROE I, Supervisor,
Wachovia Bank NA, Patriot Act Compliance Team, sued
in his individual and official capacities; JOHN POE,
Technical Analyst, Wachovia Bank NA, sued in
his individual and official capacities; JOHN ZOE I,
Patriot Act Compliance Officer, Wachovia Bank NA,
sued in his individual and official capacities; JOHN
NOE I, Technical Computer Operator, Wachovia
Bank NA, sued in his individual and official capacities;
WELLS FARGO BANK NA, sued in its official
and individual capacities; JOHN DOE, President,
Wells Fargo Bank NA, sued in his individual and
official capacities; JOHN ROE, Supervisor, Wells
Fargo Bank NA, Patriot Act Compliance Team,
sued in his individual and official capacities; JOHN
POE I, Technical Analyst, Wells Fargo Bank NA,
sued in his individual and official capacities; JOHN
ZOE, Patriot Act Compliance Officer, Wells Fargo
Bank NA, sued in his individual and official capacities;
JOHN NOE, Technical Computer Operator, Wells Fargo
Bank NA, sued in his individual and official capacities

Ted Aaron McCracken,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-15-cv-01915)
District Judge: Honorable Legrome D. Davis
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 11, 2015

Before:  FUENTES, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 14, 2015)
_____

OPINION[*]
_____

PER CURIAM

Ted Aaron McCracken appeals from an order of the District Court dismissing his complaint.  For the reasons that follow, we will affirm.

McCracken sued Wells Fargo Bank on April 9, 2015 in the United States District Court for the Eastern District of Pennsylvania, purporting to assert constitutional claims either pursuant to 42 U.S.C. § 1983, § 1985 and § 1981, or <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  He also asserted various state law claims.  McCracken's claims related to his inability to access his bank account using his debit card while in Douala, Cameroon in 2011, and his subsequent

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

arrest, conviction, and imprisonment in Pennsylvania for theft. McCracken sought money damages.[1]

In 2010, McCracken opened a checking account with Wachovia Bank, which was subsequently purchased by Wells Fargo, and, on March 25, 2011, he purchased an airplane ticket to Cameroon, with a stop in Paris, France, on his Wachovia/Wells Fargo debit card. While in France, McCracken was able to access his bank account but when he arrived in Cameroon on April 10, 2011 and tried to use his debit card to withdraw money from an ATM, his transaction was denied. It was then denied another five times over the next few days. When he and his wife, who is of African descent, had exhausted the cash they had, he gained access to his mother's bank account and transferred some of her money into his own account. The next day, April 17, 2011, he was able to access his account from Cameroon using his debit card. Unfortunately, his mother reported the theft to police, and McCracken was arrested when he returned to the United States. In 2012, McCracken was convicted in the Montgomery County Court of Common Pleas and sentenced to 2½-5 years of imprisonment for the theft of $1,400 from his mother's bank account, see Docket No. CP-46-CR-0004322-2011. McCracken raised justification and duress defenses at trial, unsuccessfully. He also sought to subpoena records from

---

[1] An entity by the name of McCracken Fuel Company, Inc. was also named as a plaintiff in the caption of the complaint. On the ground that a corporation may only appear in federal court through licensed counsel, the District Court dismissed McCracken Fuel Company, Inc., without prejudice, citing Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993). We note that McCracken signed the notice of appeal only on behalf of himself and thus appealed to this Court only on behalf of himself.

3

Wachovia/Wells Fargo, but the bank allegedly did not respond to the subpoena or produce those records.

In the main, McCracken alleged in his complaint that Wells Fargo discriminated against him because of his wife's race,[2] but he also alleged that Wells Fargo had abused its authority under the Patriot Act by retaliating against him for lawsuits he had filed in the past against the federal government.

In an order entered on April 24, 2015, the District Court granted McCracken leave to appeal in forma pauperis, but dismissed his complaint prior to service. The District Court determined that McCracken's claims lacked a basis in law or fact, could not proceed because of Heck v. Humphrey, 512 U.S. 477 (1994), or were barred by the applicable two-year statute of limitations.

McCracken appeals. We have jurisdiction under 28 U.S.C. § 1291. In his brief on appeal, McCracken specifically argues that the District Court erred in denying his breach of contract claim as time-barred because that cause of action has a four-year statute of limitations.

We will affirm. Dismissal under Rule 12(b)(6) is proper where the complaint fails to state a claim upon which relief may be granted, such as where the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard "asks for more

---

[2] In July, 2012, McCracken learned from watching the news that Wells Fargo had reached a settlement with the U.S. Department of Justice related to allegations that it had engaged in a pattern of racially discriminatory banking practices against blacks and Hispanics during the mortgage boom. Based on that settlement, he surmised that his inability to access his bank account reflected the bank's racial animus.

4

than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Section 1983 provides a cause of action to redress constitutional violations caused by officials acting under color of state law, Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 941 (1982), while Bivens authorizes a cause of action to redress constitutional violations caused by officials acting under color of federal law, 403 U.S. at 396-97. Section 1985 provides a cause of action for a conspiracy to violate federal rights. See Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989).

We agree with the District Court that nothing in McCracken's complaint plausibly shows that Wells Fargo was acting under color of state or federal law in rejecting his debit card transactions. That Wells Fargo settled claims based on discriminatory conduct from 2004 to 2009 during the mortgage boom/crisis has no relevance to his inability to access his bank account in 2011. In addition, McCracken's theory that Wells Fargo prohibited him from accessing his account for six days to retaliate against him for filing numerous lawsuits against the federal government is speculative and thus also insufficient to state a claim upon which relief may be granted. See Iqbal, 556 U.S. at 679-81.

To the extent that success on McCracken's claims would necessarily imply the invalidity of his conviction or imprisonment, such as his claims that he was driven to commit theft and that Wells Fargo failed to answer a subpoena for records, those claims are not cognizable in a federal civil action because he failed to show that his conviction or sentence has been reversed on direct appeal, expunged, or otherwise invalidated, see

5

Heck, 512 U.S. at 486-87.  A claim for damages based on a conviction that remains valid may not be pursued in federal court, id.

To the extent that McCracken raised claims that are not barred by Heck, such as tort claims based on his inability to access his account and on his arrest, his claims are time-barred.  McCracken filed suit on April 9, 2015.  A two-year statute of limitations governs his federal civil rights claims and his state law tort claims.  See 42 Pa. Cons. Stat. Ann. § 5524; Bougher v. University of Pittsburgh, 882 F.2d 74, 80 (3d Cir. 1989); Napier v. Thirty or More Unidentified Federal Agents, 855 F.2d 1080, 1087 (3d Cir. 1988). McCracken's false arrest and false imprisonment claims accrued on or about June 9, 2011, when his preliminary arraignment took place, see Wallace v. Kato, 549 U.S. 384, 397 (2007) (§ 1983 claim seeking damages for false arrest begins to run at time plaintiff becomes detained pursuant to legal process), and any claims based on his inability to access his account accrued by April 16, 2011, the end of the six-day period during which time he could not access his bank account in Africa.

McCracken correctly notes that a state law breach of contract claim is governed by a four-year statute of limitation, 42 Pa. Cons. Stat. Ann. § 5525(a), and that his complaint was filed within four years of April 16, 2011.  Moreover, contrary to Wells Fargo's assertion, see Appellee's Brief, at 10, we do not understand the District Court to have determined, in the alternative, that McCracken failed to state a plausible, non-frivolous state law general breach of contract claim.  On the contrary, the District Court's implausibility focus was on McCracken's claims that Wells Fargo had caused him to commit an act of theft, discriminated against him because his wife is of African dissent,

6

and retaliated against him because he previously had sued the federal government for causing his thyroid cancer. The District Court did not decide that a state law general breach of contract claim for improper rejection of his debit card withdrawals was implausible or legally without merit.[3] Nevertheless, a District Court may decline to exercise supplemental jurisdiction over a state law claim where it has dismissed all claims over which it has original jurisdiction, 28 U.S.C. § 1367(c)(3). Here, dismissal of any state law general breach of contract claim without prejudice, pursuant to the District Court's discretion to decline to exercise supplemental jurisdiction, would have been entirely proper and thus we will uphold the District Court's determination on that basis.[4]

For the foregoing reasons, we will affirm the order of the District Court dismissing McCracken's complaint

---

[3] The complaint may not clearly state a contract claim that is separate from McCracken's implausible theories. However, we note that in Count II of the complaint, McCracken alleged a "breach of fiduciary contract" by Wells Fargo for denying him access to his bank account.

[4] Section 1367(d) provides for tolling of the limitation periods where appropriate. 28 U.S.C. § 1367(d).